**MIN ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–73364.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Min Zhu, Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Min Zhu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her second motion to reopen removal proceedings. We deny in part and dismiss in part the petition for review.

Zhu fails to raise any contentions regarding whether her second motion to reopen exceeded the numerical limitations set forth in 8 C.F.R. § 1003.2(c)(2). Accordingly, she has waived any challenge to the BIA's sole ground for denying her second motion to reopen. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider Zhu's remaining contentions regarding her asylum application and her first attorney's conduct because she did not timely petition for review of the BIA's 2003 and 2005 decisions. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Judge GRABER respectfully dissents.

The BIA abused its discretion by denying the motion to reopen as numerically barred without addressing whether the numerical limitation could be tolled as a result of Zhu's claim of ineffective assistance of counsel by her second attorney. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) ("[t]his court [ ] recognizes equitable tolling of deadlines and numerical limits on motions to reopen"); *Mejia v. Ashcroft*, 298 F.3d 873, 879–80 (9th Cir. 2002) (BIA abused its discretion by failing to address argument before it). Accordingly, she would remand for the BIA to make a determination regarding equitable tolling.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.